UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, *ex rel.* Teresa Martinez, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Cause No. 2:11-cv-273 |
| DR. LINDA ROSENBERG, HIGHLAND OPEN MRI, LAKESIDE SURGERY CENTER, NRI LABORATORIES, INC., and DR. RAVI BHAGWAT, | ) ) ) ) ) ) | |
| Defendants. | ) | |

## **OPINION & ORDER**

Relator Teresa Martinez, a former employee of defendant Linda Rosenberg, filed this case on behalf of the United States government under the False Claims Act, 31 U.S.C § 3729, and the Indiana False Claims and Whistleblower Protection Act, Ind. Code § 5-11-5.5. (DE 4.) She alleges that Rosenberg and the other defendants made false records or statements and presented false or fraudulent Medicare and Medicaid claims for payment to the United States government and the State of Indiana. Three of the defendants—Linda Rosenberg, Highland Open MRI, and Ravi Bhagwat—have moved to dismiss. (DE 38; DE 42; DE 47 at 27-29.) Two defendants—Lakeside Surgery Center and NRI Laboratories—have not answered the suit. For the reasons below, Martinez is ordered to show cause why this false claims action should not be dismissed with prejudice for failure to prosecute.

1

## Discussion

The False Claims Act is an anti-fraud statute that imposes liability on anyone who "knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval" by the government. 31 U.S.C. § 3729(a)(1)(A). The statute allows private citizens (called "relators") to file "*qui tam*" actions *in camera* and under seal on behalf of the U.S. government. After a *qui tam* case is filed, the government has to decide whether to intervene and pursue the lawsuit itself. If the government does not intervene, the relator's complaint is unsealed and the relator can continue the case on her own. *Id.* § 3730(b). The Indiana False Claims and Whistleblower Protection Act is very similar to the federal False Claims Act and allows private citizens to file civil actions on behalf of the State of Indiana. Ind. Code. §§ 5-11-5.5-2, 4.

The relator, Martinez, filed her *qui tam* complaint *in camera* and under seal in 2011. (DE 4.) On August 14, 2015, the United States declined to intervene in the action and asked the Court unseal the complaint, so that Martinez could pursue the suit. (DE 27.) The complaint was unsealed on August 25, 2015, and, on September 16, 2015, summonses were issued for the defendants. (DE 28; DE 31.)

Three defendants (Bhagwat, Rosenberg, and Highland Open MRI) have moved to dismiss, among other reasons, on grounds that Martinez did not timely effect service of process. (DE 38; DE 42; DE 47 at 28.) Under Federal Rule of Civil Procedure 4(m), Martinez was required to effect service of process by January 14, 2016, but she still had

2

not done so by January 20, 2016. (DE 33.) That prompted the Clerk of Court to notify her of the missed deadline and warn her that the case could be dismissed if the defendants were not served by February 4, 2016. (*Id.*) On January 29, 2016, Martinez returned summonses for Lakeside Surgery Center and Highland Open MRI, but she has never returned summonses for Rosenberg, NRI Laboratories, or Bhagwat. (DE 35; DE 36.)

There is no question that Martinez was dilatory in serving the defendants, and it appears that she failed to serve several of them at all. On this ground alone, I could dismiss some of her claims. *See Williams v. Illinois*, 737 F.3d 473, 476 (7th Cir. 2013) ("[A] court has the discretion to dismiss for want of prosecution if the plaintiff's delay in obtaining service is so long that it signifies failure to prosecute.") (citations omitted). But there's more: the deadlines for Martinez to respond to the pending motions to dismiss by Bhagwat, Rosenberg, and Highland Open MRI were March 7th, March 8th, and April 14th, 2016, respectively. Martinez has not responded to any of those motions, and she also has not moved for default judgment against Lakeside Surgery, which was served with process but did not file an answer or a motion to dismiss by the October 7, 2015 deadline or since. In short, it appears that Martinez has completely abandoned the case, and I am inclined to dismiss the case with prejudice for failure to prosecute. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (7th Cir. 1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted.").

That leaves the United States' objection to Bhagwat's motion to dismiss. (DE 44.)

Although the government declined to intervene in the matter, it argues that under 31 U.S.C. § 3730(b)(1), I cannot dismiss the case with prejudice as to the United States without the written consent of the Attorney General. (*Id.* at 3.) The government is mistaken. The Attorney General's consent is not required for involuntary dismissal of False Claims Act cases. *See Salmeron v. Enter. Recovery Sys., Inc.*, 579 F.3d 787, 797, n.5 (7th Cir. 2009); *see also Minotti v. Lensink*, 895 F.2d 100, 103 (2d Cir. 1990) (per curiam); *United States ex rel. Shaver v. Lucas W. Corp*, 237 F.3d 932, 934 (8th Cir. 2001). If the government fears that dismissal of this case with prejudice would harm its interests, then it is free to move to intervene for good cause pursuant to 31 U.S.C. § 3730(c)(3).

**Conclusion**

Accordingly, Martinez is **DIRECTED** to show cause **no later than August 25, 2016** why this case should not be dismissed with prejudice for failure to prosecute.

**SO ORDERED.**

ENTERED: July 27, 2016.

                                                  s/ Philip P. Simon
                                                  CHIEF JUDGE
                                                  UNITED STATES DISTRICT COURT